IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **United States Equal Employment Opportunity Commission**, <br> Plaintiff, <br><br> vs. <br><br> **Camber Corporation**, <br> Defendant. | Case No. 1:17cv1084 (AJT/JFA) <br><br> **Agreed Protective Order [Proposed]** |

To facilitate discovery in this case, the parties agree to this proposed protective order pursuant to Rule 26(c), Fed. R. Civ. P.:

This Agreed Protective Order will govern the designation and handling of confidential documents and information produced in discovery, as defined below, except as otherwise agreed in writing by the parties or as ordered by the Court. Nothing in this Agreed Protective Order shall require disclosure of information.

The parties move this Court for entry of this Agreed Protective Order to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes, protect certain materials designated as confidential ("Confidential Materials"), and ensure that protection is afforded only to material so designated. The Court finds good cause for issuing a protective order and states as follows:

**IT IS HEREBY ORDERED THAT**:

1. <u>General Scope of the Protective Order</u>. This Protective Order will govern production of certain documents in response to any discovery request or other request for information by Plaintiff and Defendant in this action, including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of

1

documents and documents produced in accordance therewith, subpoenaed documents, and any deposition transcript or portion thereof as to which protection is sought in accordance with this Order.

This Order shall not govern use of Confidential Discovery Materials at trial, at hearings, at conferences, in motion practice or in filings. If the parties are unable to agree on redactions sufficient to avoid disclosure of Confidential Discovery Materials or Information at trial, at hearings, at conferences, in motion practice or in filings, the party desiring sealing may seek sealing in compliance with the Eastern District of Virginia Local Civil Rule 5 providing for sealing documents.

2. <u>Designation as Confidential</u>. Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation, may designate as "Confidential," in accordance with the procedures and definition set forth herein. Such designation will be made at the time the information is produced or furnished. The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.

3. <u>Protected Health Information</u>. Medical records, including health insurance information, shall be designated as "Confidential" and subject to the conditions imposed on the use of Confidential Materials outlined herein.

4. "<u>Confidential Materials</u>" shall mean non-publicly available information, in the form of: (a) trade secrets, (b) confidential research, development, intellectual property or commercial information; (c) medical records; and (d) personal employee information such as tax information and personal privacy information required to be redacted from court filings under Fed.R.Civ.P. 5.2.

5.  <u>Procedure for Designating Information as Confidential</u>.  Parties may designate Confidential Materials in the following manner:

(a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential," by stamp or other method that will make the word conspicuous;

(b) In the case of answers to interrogatories, designation will be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information;

(c) In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that Confidential Material is about to be or has been disclosed or by subsequent written designation within ten (10) days after such transcripts are actually received by counsel. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as Confidential Material, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential; and

(d) In the case of responses to a subpoena *duces tecum* received from a third party by the Party issuing the subpoena *duces tecum* (*i.e.*, the issuing Party), designation will be made by the issuing Party in accordance with paragraph 5(a) above, and by written designation by the other Party (*i.e.*, the non-issuing Party) within fifteen (15) days after the responses to a subpoena *duces tecum* are served upon the non-issuing Party.

6.  <u>Restricted Use of Information</u>.

(a) Documents or information designated as "Confidential" under this Order

3

will not be disclosed to any person except the following individuals:

    (i)    The Court (including the Clerk's office, stenographic reporters, videographers);

    (ii)    Counsel for the parties, their staff members, the parties' employees, including their professional and para-professional employees and their Commissioners;

    (iii)    Experts, or service contractors (*i.e.*, court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

    (iv)    The parties, including officers or managers of a corporate party who have a need to know the information for purposes of this litigation and Ashok Pai;

    (v)    Individuals disclosed by either party as part of Initial Disclosures or in discovery, who have a need to know this information for purposes of this litigation;

    (vi)    Witnesses testifying at depositions, hearings or trial in this matter;

    (vii)    Witnesses in preparation for depositions, hearings or trial in this matter;

    (viii)    Potential Witnesses in interview by counsel or staff;

    (ix)    The person or entity that produced or originally created the Discovery Material or any indicated author or recipient of the material;

    (x)    The person or entity whose information appears in the "Confidential"

        designated Discovery Material;

(xi)    Persons to whom disclosure is required by federal law, or

(xii)    Any other person to whom the Producing Party agrees in writing in advance of disclosure, or to whom the Court permits or orders disclosure.

(b)    Documents produced pursuant to this Order will not be used for any purpose other than this litigation; permitted uses include discovery, motion practice, depositions, hearings, preparation, trial, petitions and all appeals regarding this case.

Nothing in this Order shall prohibit any party from complying with federal law. Confidential Material which is filed in the public record with the Court in the course of litigation or which are filed, used in hearing, in conference, or in trial, are proper subjects of public comment by the parties.

The restrictions and obligations set forth in this Agreed Protective Order relating to Confidential Material also do not apply to any documents or information which (i) the parties agree, or the Court rules, is public knowledge, including exhibits at trial or hearing or which are filed in the ordinary course of this litigation, or (ii) the parties agree, or the Court rules, has become public knowledge other than as a result of unlawful disclosure by a Party.

7.    <u>Acknowledgment of Protective Order</u>.  All persons to whom Confidential Materials are disclosed pursuant to Paragraph 6 of this Order will be bound by this Order. It will be the responsibility of counsel to ensure that persons authorized to receive Confidential Materials pursuant to Paragraph 6(a)(iii-iv) of this Order have knowledge of the terms of this Order and agree to be bound by them. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

8. <u>Use of Confidential Materials in This Case</u>.  Nothing in this Order shall prevent or impair the use by a party of Confidential Materials in proceedings in this litigation, including motion papers, affidavits, briefs, other papers, and depositions filed with the Court, or at any deposition, hearing, conference, trial or appeal. If the parties are unable to agree on redactions sufficient to avoid disclosure of Confidential Information, the party desiring sealing may seek sealing in compliance with the Eastern District of Virginia Local Civil Rule 5 providing for sealing documents.

This Order does not prevent any confidential-designated document from being used as a trial exhibit, filed with the Court, used in motion practice, used in hearing or used in conference, as long as the party designating the document confidential has reasonable notice of its proposed use to enable that party to seek protection from the Court.  Any such protection sought, regarding confidential-designated documents or things which have been exhibit-listed in accord with ECF Doc. 10, must be filed within the 10 day deadline for objections to listed exhibits, also set forth in ECF Doc. 10.

Any Confidential Discovery Material which is offered, proffered or admitted into evidence at trial or used in motion practice, used in hearing, used in conference, shall be produced, filed or lodged with the Court without any of the "Confidential" label made for purposes of discovery production under this Order.  A party producing the "Confidential" labeled Discovery Material may request a ruling from the Court that such document may be used in motion practice, used in hearing, used in conference, or in trial, only in a masked or redacted form.  The producing party, as movant, bears the burden of persuading the Court of the need, under applicable law, to seal, partially mask or redact the document.

9. <u>Challenging Confidentiality</u>.  Acceptance by a party of any information, document,

or thing identified as "Confidential" pursuant to this Order will not constitute a concession or admission that the information, document, or thing is Confidential Material. The parties may serve written notice of any objections to specific designations upon the other party. The parties will first attempt to resolve any disputes of confidentiality between themselves. If the parties are unable to agree on any such issue, the party seeking protection of a document may bring the issue before the Court.

A party's failure to serve written notice of any objections to specific designations will not prejudice that party's listing the confidential-designated information, document, or thing in accord with ECF Doc. 10 and this Order.

10. <u>Right to Object</u>. This Order will not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to Confidential Materials as the circumstances may warrant. Nothing contained herein will prevent a party from seeking modification of this Order.

11. <u>Disclosure</u>.

(a) Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, material, or other information that is already in the possession of that party or which that party has obtained separately and independently from the discovery process in this matter, and this Order will not otherwise apply to such documents, material, or other information.

(b) Nothing in this document will prevent any party from producing any document or information in his, her, or its possession in response to a subpoena or other compulsory process, provided that notice be given to other parties prior to the date that the party

7

subpoenaed is required to respond to the subpoena or other compulsory process in which materials designated "Confidential" are sought.

12.     <u>Return of Confidential Information</u>.  Within ninety (90) days of the conclusion of this civil action, including conclusion of any appeal, the receiving Party and their counsel shall destroy or sequester all Confidential Materials received from the producing Party or the producing Party's counsel and certify the same to the producing Party's counsel, or alternatively, shall assemble and return to the producing Party's counsel such Confidential Materials received from the producing Party or the Producing Party's counsel without demand from the producing Party's counsel, except that the parties' counsel of record may retain their working files (including pleadings, motion papers and other filings, deposition or hearing transcripts, correspondence, and any attorney work-product), on the condition that those files will remain Confidential.

Notwithstanding this Agreed Protective Order, Plaintiff may retain confidential or other materials in compliance with federal record-keeping law.  Nothing in this Order shall prohibit any party from complying with federal law or require Plaintiff to violate federal law.

13.     <u>Notices</u>.  Notice required under this Order will be in writing and provided to the counsel listed below.

14.     <u>Privileged Materials – Inadvertent Production.</u>  If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a

8

determination of the claim. The producing party must preserve the information until the claim is resolved.

15. <u>Effective Date</u>.  This Order will be effective upon entry and remain in effect until conclusion of this case.

16. Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client and/or prosecuting or defending this case.

17. The Court retains final authority to determine what is or is not a "Confidential" Discovery Material and to remove the "Confidential" designation from any document governed by this Order to protect the public interest.

**IT IS SO ORDERED**.

Entered this _____ day of February, 2018.

_____
John F. Anderson
United States Magistrate Judge

**WE SO MOVE/CONSENT and agree to abide by the terms of this Order on this 16th day of February, 2018:**

FOR PLAINTIFF:

<u>Jeffrey A. Stern</u>
Senior Trial Attorney admitted *pro hac vice*
Jeffrey A. Stern (Ohio Bar No. 0020107)
Jeffrey.Stern@eeoc.gov

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Cleveland Field Office
AJC Federal Bldg.
1240 East Ninth St., Ste. 3001
Cleveland, OH 44199
(216) 522-7458
(216) 522-7430 (fax)


KATE NORTHRUP
Supervisory Trial Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By:

_____/s/_____
David Staudt
Va. Bar ID # 47442
Attorney for Plaintiff EEOC
U.S. EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
Baltimore Field Office
GH Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: 410-209-2249
Fax: 410-962-4270
david.staudt@eeoc.gov

FOR DEFENDANT:

CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

By:/s/ Theresa M. Connolly
   Theresa M. Connolly (VA Bar 46583)
   12500 Fair Lakes Circle, Suite 300
   Fairfax, VA 22033
   Telephone: 571.522.6108
   Facsimile: 571.281.2858
   tconnolly@constangy.com

   Donald S. Prophete[*]
   2600 Grand Blvd., Suite 750
   Kansas City, MO 64118
   Telephone: 816.472.6400
   Facsimile: 816.472.6401
   dprophete@constangy.com

   Robert L. Ortbals, Jr. (*pro hac vice*)
   7733 Forsyth Blvd., Suite 1325
   St. Louis, MO 63105
   Telephone: 314.925.7270
   Facsimile: 314.925.7278
   rortbals@constangy.com

   *To seek admission pro hac vice*

   **Attorneys for Defendant**