IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. 1:17-cv-01084-AJT-JFA |
| Plaintiff, | |
| v. | |
| CAMBER CORPORATION, | |
| Defendant. | |

## CONSENT DECREE

A. This action was instituted by Plaintiff, the Equal Employment Opportunity Commission (EEOC or the Commission), an agency of the United States government, alleging violations Title I of the Americans with Disabilities Act of 1990 (ADA), as amended, Title I of the Civil Rights Act of 1991 and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq. (ADEA).

B. This is an action under the ADEA and ADA, as amended, alleging unlawful employment practices on the bases of disability and age. In this action, EEOC seeks relief for Charging Party Ashok Pai, who was employed by Defendant Camber Corporation (Defendant or Camber) as a Software Systems Architect at the United States Department of Justice Executive Office of Immigration Review (EOIR). EEOC also seeks injunctive relief.

C. The Defendant has filed an Answer, and admits the jurisdiction of this Court over the subject matter of this action.

D.  This Consent Decree is entered into by the EEOC and Defendant. This Decree shall be final and binding between the EEOC and Defendant, its officers, agents, employees, successors or assigns and all persons in active concert or participation with them.

E.  The Parties agree that this Decree shall fully and finally resolve all claims that were filed by EEOC against Defendant in this case arising from EEOC Charge Nos. 570-2015-01845 and 480-2015-02842. Nothing in this Decree shall affect EEOC's ability and/or authority to process, investigate, and/or litigate any Charge of Discrimination other than the Charges referenced in this Paragraph.

F.  The Parties agree and acknowledge that this Decree is the result of a compromise and is not an admission by Camber of any liability or wrongdoing on its part.

## ORDER

Upon consent of the Parties to this action, it is hereby ORDERED, ADJUDGED and DECREED that:

1.  This Consent Decree shall be filed in the United States District Court for the Eastern District of Virginia. The Court retains jurisdiction over this case to enforce the terms of the Consent Decree. The term of this Decree shall be two (2) years from the date entry of the Decree, except for any provisions below expressly providing otherwise.

2.  During the term of this Decree, the Commission may review compliance with this Decree. Defendant will comply with its existing recordkeeping requirements and for a minimum of two (2) years from the date of entry of the Decree, Defendant will maintain training records, training materials, employee transfer records, and photos of the posted notice in Attachment A, which Defendant will produce to the Commission upon request.

3.  The Commission and the Defendant agree to be bound by this Decree and this Court retains continuing jurisdiction to enforce compliance with this Decree.

4.  Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, are enjoined from discharging employees, because of such employees' association with individuals with disabilities or because of the employees' age.

5.  Nothing in this Decree shall preclude the Commission from bringing suit to enforce the terms of this Decree; nor shall this Decree preclude future action by the Commission to remedy any other alleged violations of the ADA or ADEA.

6.  Defendant will limit its references about Ashok Pai to provision of information and/or documents reflecting the dates of Pai's employment with Defendant, the job or position held by Pai, and his compensation history.

7.  During the term of this Decree, Defendant shall post and maintain the posting of the notice appended hereto as Attachment A in conspicuous places, where notices to employees are normally posted, at the following locations: 670 Discovery Drive, Huntsville, AL 35806 and 12730 Fair Lakes Circle, Fairfax, VA 22033.

8.  Defendant shall pay to Ashok Pai the gross sum of $100,000, less deductions for federal, state and local taxes, if any. This payment is solely for lost wages and not for any emotional distress, pain and suffering, or other medical concerns. The referenced sum shall be delivered directly to Pai by the Defendant within fourteen (14) days of entry of this Decree. Defendant will deliver such payment to Pai by certified mail or express delivery. Within seven days of this payment, Defendant shall send a photocopy of the payment check and the certified mail receipt or other proof of delivery to EEOC Sr. Trial Attorney Jeffrey A. Stern in the EEOC Cleveland Field Office. Defendant will provide an IRS Form W-2 to Pai in connection with this payment.

9.  Defendant shall report in writing to Jeffrey A. Stern, EEOC Sr. Trial Attorney, at EEOC's Cleveland Field Office, when the notice posting duty imposed by paragraph seven (7) of this Decree has been performed. The report shall describe the manner and locations at which the

required Notices have been posted and that they remain posted. The report must be submitted within thirty (30) days of the entry of this Decree.

10. At six (6), twelve (12), and eighteen (18) months from the entry of this Decree, Defendant shall provide to Jeffrey A. Stern, EEOC Sr. Trial Attorney, at EEOC's Cleveland Field Office, an affidavit or declaration confirming that the required Notices remain posted and are unaltered. . Defendant shall take all reasonable steps to ensure that the posting(s) are not altered, defaced or covered by any other material. Should any posted notice(s) become defaced, removed, marred, or otherwise illegible, Defendant shall replace such notice as soon as practicable.

11. At six (6), twelve (12), and eighteen (18) months from the entry of this Decree, Defendant shall also report in writing to Jeffrey A. Stern, EEOC Sr. Trial Attorney, at EEOC's Cleveland Field Office, the following information: the full name, residence address, residence telephone number, social security number, job title and date of birth of each employee requesting a transfer together with a copy of any written transfer request that comes to the attention of Human Resources or Recruiting, including through the formal online application process. Each report must be submitted within thirty (30) days of the end of each six-month reporting interval.

12. Defendant commits to continuing its annual training and compliance program for its employees. Additionally, Defendant shall, within sixty (60) days of the entry of this Consent Decree and at least annually thereafter during the two (2) years following entry of this Consent Decree, train its Human Resources employees, on non-discrimination under the ADA and ADEA, including associational non-discrimination and, specifically, on this Consent Decree's prohibition against disability and age discrimination in paragraph four above. The above annual trainings above shall be provided in person in Fairfax, VA, and via Webex for those Human Resources employees who are not located in Fairfax, VA, in a manner which permits trainees to interact with

the trainers. This training shall be conducted by an attorney from the law department of Huntington Ingalls Industries.

13. No later than one month before each training session, Defendant will provide EEOC with copies of all pamphlets, brochures, outlines, or other written materials that Defendant intends to provide to the participants of each training session. Copies of the aforementioned materials shall be sent to the EEOC's Cleveland Field Office and directed to the attention of Jeffrey Stern, EEOC Sr. Trial Attorney. All personnel who attend the annual training shall sign an attendance roster. The registry of attendance shall be retained by Defendant for the two (2) year duration of the Consent Decree's training provision, as set forth in paragraph twelve (12) above.

14. Defendant, its officers, agents, employees, and all other persons acting in concert with Defendant, are enjoined from, and shall not engage in, reprisal or retaliation of any kind against Ashok Pai or any other person who participates or cooperates with the Commission in investigating compliance with this Decree.

15. This Court shall retain jurisdiction of this case for purposes of compliance with this Decree and entry of such further orders as may be necessary or proper to effectuate the purposes of this Decree.

16. Each party to this action shall bear its own costs and fees, including attorneys' fees.

**IT IS AGREED:**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

*[signature]* 6/19/18

DEBRA M. LAWRENCE (Bar No. 04312)
Regional Attorney
U.S. EEOC Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2734 Telephone
(410) 962-4270 Facsimile

*[signature]* 6/19/18

KATE NORTHRUP
Supervisory Trial Attorney
U.S. EEOC Baltimore Field Office
kate.northrup@eeoc.gov


JEFFREY A. STERN
Senior Trial Attorney
/s/Jeffrey A. Stern
Jeffrey A. Stern (pro hac vice)
U.S. EEOC Cleveland Field Office
(Ohio Bar No. 0020107)
jeffrey.stern@eeoc.gov

DAVID STAUDT
Local Counsel
Senior Trial Attorney
/s/David Staudt
U.S. EEOC Baltimore Field Office
Va. Bar No. 47442

Dated: June 18, 2018

**CAMBER CORPORATION**

/s/David P. Phippen
David P. Phippen (VA Bar 22854)
12500 Fair Lakes Circle, Suite 300
Fairfax, VA 22033
Telephone: 571.522.6105
Facsimile: 571.522.6101
dphippen@constangy.com

Donald S. Prophete (pro hac vice) 2600 Grand Blvd., Suite 750 Kansas City, MO 64118 Telephone: 816.472.6400
Facsimile: 816.472.6401
dprophete@constangy.com

Robert L. Ortbals, Jr. (pro hac vice) 7733 Forsyth Blvd., Suite 1325
St. Louis, MO 63105 Telephone: 314.925.7270
Facsimile: 314.925.7278
rortbals@constangy.com

Attorneys for Defendant

Dated: June 15, 2018

IT IS SO ORDERED:

DATED: July 2, 2018

/s/
Anthony J. Trenga
United States District Judge
United States District Judge

**ATTACHMENT A**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is being posted pursuant to a federal court order resolving a disability and age discrimination lawsuit brought by the U.S. Equal Employment Opportunity Commission (EEOC), an agency of the federal government, against Camber Corporation. In that lawsuit, called <u>EEOC v. Camber Corporation</u>, Case No. 17-01084 (U.S. District Court for the Eastern District of Virginia), EEOC charged the Camber Corporation with violating the Americans With Disabilities Act (ADA) and the Age Discrimination in Employment Act of 1967 (ADEA).

The ADA and ADEA prohibits employers, including the Camber Corporation, from discharging employees because of their associating with individuals with disabilities or because they are age 40 or over.

The Consent Decree entered by the federal district court prevents Camber Corporation from discharging employees, because of their association with

individuals with disabilities or because of their age 40 or over. The Consent Decree requires Camber Corporation to conduct anti-disability and age-discrimination training for the next 2 years, and includes reporting to and monitoring by the federal government. The Consent Decree also requires a money payment from Camber Corporation to the discharged individual.

A copy of this Notice will be posted in a conspicuous place where employee notices are ordinarily placed and will be replaced if it becomes defaced, marred or otherwise made unreadable.

**Date Posted:**


**By:** _____  for   Camber **Corporation**